IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

YEFIM TARSHIK,

           Plaintiff,

vs.              No. 08-4058-SAC

STATE OF KANSAS, et al.,

           Defendants.

**MEMORANDUM AND ORDER**

  This case comes before the court on the motions of all defendants to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiff, acting pro se, opposes the motions.[1]

**Plaintiff's complaint**

  Plaintiff's complaint is filed pro se. Pro se complaints, however inartfully pleaded, must be liberally construed, and are held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). *See Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170,1173-74 (10th Cir.1997) (quotations and citations omitted). The court should not be the pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110

---

[1] *See* Dk. 101, 102, 103. Although these responses were filed one day late and plaintiff's motion to extend time was denied, no motion to strike has been filed. Because the plaintiff is *pro se,* the court has read his responses, but they only confirm the court's conclusion that plaintiff's claims fail to allege a violation of federal law.

(10th Cir.1991), and will not accept as true conclusory allegations unsupported by factual allegations. The court's "broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall*, 935 F.2d at 1110.

     Plaintiff's complaint alleges that plaintiff has been the target of an unknown, unidentified organized crime syndicate which, for over seven years, has repeatedly attacked him with mind-bugging agents, poisons and toxins, causing him unknown injuries. Defendants are various health care providers from whom plaintiff sought medical services and assistance in completing disability forms, and are alleged to have aided and abetted various illegal acts of the crime syndicate.

     Plaintiff's rambling narrative in his complaint includes various charges of RICO, "malicious malpractice," violation of his civil right to own property, defamation, conspiracy, torture, and toxic assault and battery. Plaintiff states that as a result of each defendant's wrong-doing, he has experienced continued poisoning by an unidentified organized crime syndicate, has been unable to receive assistance from law enforcement agencies, is unable to obtain disability benefits for injuries caused by the organized criminals, is subject to continued physical and emotional torture from organized crime's mind bugging, and is humiliated because he must carry all his worldly possessions with him at times so that they will not be poisoned if left in his apartment.[2]

     Plaintiff believes that Heritage Mental Health Clinic erred in diagnosing him with a mental disorder, that St. Francis and Stormont Vail failed to conduct toxicology tests

---

[2]The court appreciates the fact that the plaintiff separately stated the nature of his claims against each defendant.

which would have detected poisoning in his system when he used their emergency rooms, that they dumped or discharged him without appropriate tests or treatment, and that they conspired with Heritage in his diagnosis of a mental disorder. Plaintiff believes that had they fulfilled their duty, he would have been able to get law enforcement to assist in stopping his poisoning.

Plaintiff claims actual damages, but "can't specify" exactly what judgment or relief he seeks from the court, and states he "can't specify damage to his health." Dk. 1, p. 4. His complaint itemizes damages of $427.50[3] against St. Francis Hospital, and $724.20 against Stormont-Vail Hospital.[4] *Id.* Defendants move to dismiss the case due to lack of subject matter jurisdiction and failure to state a claim for relief.

**Subject matter jurisdiction**

Federal courts are courts of limited jurisdiction. *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir.1991). A presumption exists against the existence of federal jurisdiction, and the party invoking federal jurisdiction bears the burden of proving it. *Id.* Mere conclusory allegations of jurisdiction are not enough. *Id.* "Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further." *United States ex rel. Grynberg v. Praxair, Inc.*, 389 F.3d 1038, 1042 (10th Cir.2004), *cert. denied*, 545 U.S. 1139 (2005), quoting *Illinois v. City of Chicago*, 137 F.3d 474, 478 (7th Cir.1998). When

---

[3]Plaintiff's responses seek relief in the amount of $300,000 from Stormont Vail,Dk. 101, p. 3, $300,000 from St. Francis, and $200,000 from Heritage, but these do not substitute for a damages claim in his complaint.

[4]This defendant notes that its proper title is Stormont Vail HealthCare. Dk. 88, p. 1.

3

a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 1244 (2006).

**State of Kansas**

The court first addresses the distinct argument of the Defendant State of Kansas that it is entitled to sovereign immunity under the Eleventh Amendment. This doctrine bars actions for damages against a State, its agencies and its officials acting in their official capacities, *see Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985), including actions arising under Section 1983, *Klein v. Univ. of Kan. Med. Ctr.*, 975 F.Supp. 1408, 1415 (D.Kan.1997). Although the Eleventh Amendment by its terms prohibits suits in federal court against a state by citizens of another state, it has long been interpreted to preclude suits in federal court against a state by citizens of that state as well. *Wallace v. State of Okl.*, 721 F.2d 301, 303 (10th Cir.1983), citing *Edelman v. Jordan*, 415 U.S. 651, 662-63, 94 S.Ct. 1347, 1355-56, 39 L.Ed.2d 662 (1974).

Plaintiff's complaint seeks monetary damages, and does not seek prospective relief for the State's ongoing violation of federal law. Because the plaintiff alleges no facts by which the Court might find that the sovereign immunity of the State of Kansas has been waived or abrogated, the Court lacks jurisdiction over plaintiff's claims against the State of Kansas.

**Other defendants**

**Diversity**

Plaintiff's complaint arguably alleges subject matter jurisdiction pursuant to 28 U.S.C.§ 1331 (diversity). *See* Dk. 1, p. 2-3. Plaintiff states he is a citizen of the State of Kansas, Dk.1, but fails to allege the citizenship of any defendant. Defendants deny that there is diversity, but their answers fail to reveal their state(s) of citizenship. *See* Dk. 25, 27, 29, 31, 37. In defendants' motions to dismiss, however, counsel assert that defendants are Kansas entities. *See* Dk. 87, p. 8.

When suing multiple defendants in a diversity action, the plaintiff bears the burden of proving that diversity jurisdiction exists for each defendant. *United States ex. rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir.1995). Because plaintiff's complaint fails to show that the citizenship of each defendant is different than his, this court lacks diversity jurisdiction over this case. Nor it does not appear from the damages alleged in the complaint that plaintiff would be able to meet the amount in controversy requirement of $75,000 for such claims. *See Woodmen of World Life Ins. Society v. Manganaro,* 342 F.3d 1213, 1216 (10th Cir. 2003) (burden rests on plaintiff to show that it does not appear to a legal certainty that he cannot recover the jurisdiction amount.)

**Federal question/1343**

Plaintiff's complaint does not expressly invoke federal question jurisdiction pursuant to 28 U.S.C. § 1331, which grants jurisdiction over actions "arising under" the Constitution, laws, or treaties of the United States. Nonetheless, plaintiff's complaint is riddled with references to RICO, a federal statute.

"Under 28 U.S.C. § 1331, federal question jurisdiction must appear on the face of

5

a plaintiff's well-pleaded complaint. The complaint must identify the statutory or constitutional provision under which the claim arises and allege sufficient facts to show that the case is one arising under federal law." *Martinez v. United States Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir.1986) (citations omitted).

Plaintiff's complaint does expressly invoke jurisdiction under 28 U.S.C. § 1343. This statute creates no independent substantive cause of action, but is a jurisdictional statute that provides the federal courts with subject-matter jurisdiction to hear a civil rights conspiracy claim under 42 U.S.C. §1985, a claim for deprivation of one's civil rights under color of state law, or a claim for violation of any Act of Congress providing for the protection of civil rights. *Lewis ex rel. Lewis v. Stevenson*, 123 Fed.Appx. 885, 886, 2005 WL 290143, 1 (10th Cir. 2005).

Although the Tenth Circuit has not examined the issue, the United States Supreme Court holds that Section 1343 confers jurisdiction upon a District Court to entertain the federal claim if the claim is of sufficient substance to support federal jurisdiction. *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 1378 (1974). Other Circuits apply to §1343 cases the same analysis used to determine jurisdictional substantiality in §1331 cases, hinging federal jurisdiction on whether plaintiff has a "colorable claim" under the federal basis alleged in the complaint. *See e.g.*, Rossello-Gonzalez v. Calderon-Serra, 398 F.3d 1,15 (1st Cir. 2004); *McKenzie v. City of White Hall,* 112 F.3d 313, 316 (8th Cir. 1997); *Taxpayers United for Assessment Cuts v. Austin*, 994 F.2d 291 (6th Cir. 1993); *Seagraves v. Harris*, 629 F.2d 385, 392 (5th Cir.1980). This court thus uses the test of jurisdictional substantiality for both plaintiff's 1331 and 1343 claims.

The Tenth Circuit liberally defines the term "colorable." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1240 (10th Cir. 2001).

> To determine whether a claim is colorable, it is necessary to examine its merits. A determination that a claim lacks merit, however, does not necessarily mean it is so lacking as to fail the colorable test. A ... claim ... is not colorable if it is immaterial and made solely for the purpose of obtaining jurisdiction or ... is wholly insubstantial or frivolous.

*Harline v. Drug Enforcement Admin.*, 148 F.3d 1199, 1203 (10th Cir.1998) (internal quotation marks omitted). *See Bell v. Hood,* 327 U.S. 678, 682-83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946); *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1240 (10th Cir. 2001) (accepting *Harline* definition)*; United States v. McAleer*, 138 F.3d 852, 857 (10th Cir.) (defining "colorable" as having "some possible validity"), *cert. denied*, 525 U.S. 854 (1998); *but see Axson-Flynn v. Johnson*, 356 F.3d 1277, 1297 (10th Cir. 2004) (requiring a hybrid-rights claimant to show "a fair probability or likelihood, but not a certitude, of success on the merits" of the companion constitutional claim.)

> "According to *Hagans*, the [substantial federal question] doctrine will warrant dismissal when the claim is (1) wholly insubstantial or obviously frivolous, (2) foreclosed by prior cases which have settled the issue one way or another, or (3) so patently without merit as to require no meaningful consideration." *Wiley v. Nat'l Collegiate Athletic Ass'n*, 612 F.2d 473, 477 (10th Cir.1979).

*Coando v. Coastal Oil & Gas Corp.*, 44 Fed.Appx. 389, 395 (10th Cir. 2002).

The court thus examines whether plaintiff's complaint states any colorable federal claim or whether, instead, plaintiff's federal claims are "immaterial and made solely for the purpose of obtaining jurisdiction" or are "wholly insubstantial and frivolous." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513, 126 S.Ct. 1235, 1244 (2006). *See Prairie Band of Potawatomi Indians,* 253 F.3d at 1240. The court recognizes that its task in assessing the substantiality of claim for purposes of jurisdiction is not easy.

> Cases in this circuit demonstrate that the district court's task in assessing the substantiality of a claim for purposes of jurisdiction can be difficult. *See, e.g., Junior Chamber of Commerce of Rochester, Inc. v. United States Jaycees*, 495 F.2d 883, 886 (10th Cir.1974). This is especially true in cases, such as this one, that are brought by pro se litigants who may lack the legal training necessary to allege any more than facts sufficient to describe his or her alleged injury....While this court has held that mere allegations as to the presence of an unspecified federal question is (sic) generally insufficient to meet this burden ... it has also defined the phrase "colorable federal claim" generously and liberally, *see Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1240 (10th Cir. 2001).

*Coando v. Coastal Oil & Gas Corp.*, 44 Fed.Appx. 389, 395, 2002 WL 1874824, 6 (10th Cir. 2002). The court reviews the complaint not to judge its merits, but solely to determine whether the court has the authority to proceed.

### RICO

Plaintiff's complaint repeatedly refers to RICO.

> In order to bring a RICO claim, a plaintiff must allege a violation of 18 U.S.C. § 1962, which consists of four elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." (Citation omitted.)

*Gillmor v. Thomas*, 490 F.3d 791, 797 (10th Cir. 2007). *See* 18 U.S.C. § 1962(a), (b), & (c). Plaintiff must also allege that he was 'injured in his business or property by reason of a violation of section 1962. 18 U.S.C. § 1964(c)).

Plaintiff's complaint fails to allege the required elements of a RICO claim against these defendants. Plaintiff's complaint does not allege that the defendants engaged in any predicate acts which could constitute racketeering activity. *See generally United States v. Smith*, 413 F.3d 1253, 1266-67 (10th Cir. 2005), *cert. denied*, 546 U.S. 1120 (2006). Plaintiff claims that the racketeering activity consists of his poisoning by some other unknown persons involved in organized crime, not by these defendants. No typical racketeering activity, such as mail fraud, wire fraud, or extortion, is alleged to have been

8

engaged in by any defendant. Instead, the defendants are alleged to have erred in matters relating to rendering appropriate medical care and treatment, which would have diagnosed and treated plaintiff's poisoning, and/or in failing to provide expertise in completion of disability forms.

Similarly, plaintiff's complaint does not allege the existence of an enterprise, *i.e.*, that the defendants were engaged in a legal entity, or were associated-in-fact, in an ongoing organization with members functioning as a continuing unit. 18 U.S.C.A. § 1961(4).[5] Plaintiff's complaint fails to allege any association whatsoever between the defendants, or any of them, but instead alleges that each defendant erred independently and on separate dates in matters relating to his medical care and treatment, and disability forms.

Additionally, plaintiff's claims fail to allege "the type of long-term criminal activity envisioned by Congress when it enacted RICO." *Duran v. Carris*, 238 F.3d 1268, 1271 (10th Cir. 2001) (affirming dismissal of RICO claims). RICO defines "pattern of racketeering activity" as requiring "at least two acts of racketeering activity" within a ten-year period. See § 1961(5). In fact, the conduct of several defendants is alleged to be only a one-time occurrence. *See* Dk 1, (one emergency room visit to St. Francis Hospital on May 2, 2006; one emergency room visit in June 2006 to Stormont Vail Hospital, followed by a visit the next day regarding disability forms; one visit to Heritage Mental Health Clinic for a psychological evaluation on October 13, 2006.)

---

[5]An association-in-fact consists of personnel who share a common purpose and collectively form a decision-making structure. *Shaffer v. Williams*, 794 F.2d 1030, 1032 (5th Cir.1986).

9

In short, plaintiff's RICO claim is so plainly insubstantial as to be devoid of any merit, not involving a federal controversy. *See Hagans,* 415 U.S. at 542-43 ( 'the cause of action alleged is so patently without merit as to justify ... the court's dismissal for want of jurisdiction.' ")

### Civil rights

Plaintiff's complaint additionally makes multiple references to violations of his civil rights, but it does not cite to any section of the Constitution of the United States or statute of the United States which defendants allegedly violated. Because defendants generously suggest that plaintiff's attempt may be to bring suit under 42 U.S.C. §1983, 1985, or 1986, the court will summarily examine these statutes.

### Section 1983

To state a claim under Section 1983, plaintiff must allege that a person has deprived him of a federal right, constitutional or statutory, and that the person acted under of color of state law in doing so. *Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985); *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); *Houston v. Reich*, 932 F.2d 883, 890 (10th Cir.1991).

Plaintiff's complaint fails on both of these counts. Other than the State of Kansas, none of these defendants is alleged to be a state actor, nor do the allegations of the Complaint state a violation of plaintiff's federal rights. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979)." *Haines v. Fisher*, 82 F.3d 1503, 1508 (10th Cir. 1996). No colorable claim under §1983 is raised in plaintiff's complaint.

### Section 1985

Plaintiff's complaint does makes repeated allegations of conspiracy, giving rise to a remote possibility that plaintiff intends to state a claim pursuant to 42 U.S.C. §1985.

Case law establishes the requirement of class-based or racially discriminatory animus in §1985 suits.

> Section 1985(3) creates a cause of action against persons who conspire to deprive a person or class of "equal" protection or "equal" privileges and immunities. A violation of section 1985 must include class-based or racially discriminatory animus. *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971); *Atkins v. Lanning*, 556 F.2d 485, 489 (10th Cir.1977). "[I]n the absence of allegations of class based or racial discriminatory animus, the complaint fails to state a claim under § 1985 ." *Campbell v. Amax Coal Co.*, 610 F.2d 701, 702 (10th Cir.1979) (per curiam).

*Bisbee v. Bey*, 39 F.3d 1096, 1102 (10th Cir.1994), *cert. denied*, 515 U.S. 1142 (1995). Section 1985(3) does not apply to all tortious, conspiratorial interferences with the rights of others, but only to conspiracies motivated by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." *Griffin*, 403 U.S. at 101-02. *See Wilhelm v. Continental Title Co.*, 720 F.2d 1173, 1176-77 (10th Cir.1983), *cert. denied*, 465 U.S. 1103 (1984) (the disabled are not a class for the purpose of Section 1985); *United Brotherhood of Carpenters & Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 837, 103 S.Ct. 3352, 77 L.Ed.2d 1049 (1983) (conspiracies motivated by an economic or commercial bias are not a "class-based animus.") Because the complaint lacks any allegation of class-based or racially discriminatory animus, and because the other elements of conspiracy are not alleged, no colorable federal conspiracy claim is stated under §1985.

### Section 1986

11

Because the § 1985(3) claim is insufficient, any claim pursuant to § 1986 also fails. *See Taylor v. Nichols*, 558 F.2d 561, 568 (10th Cir.1977) ("A claim under Section 1986 exists for refusal to take positive action where the circumstances demand to prevent acts which give rise to a cause of action under Section 1985. In view then of this relationship, there cannot be a valid claim under Section 1986 unless there is also a claim under Section 1985."); *Yaklich v. Grand County,* 278 Fed.Appx. 797, 802, 2008 WL 1986470, 4 (10th Cir. 2008).

**State law claims**

The remaining claims included in the complaint do not provide a basis for subject matter jurisdiction in federal court. Plaintiff's claims of malicious malpractice may allege ordinary state law tort claims, but do not implicate any federal civil rights statute. *See Lewis ex rel. Lewis v. Stevenson,* 123 Fed.Appx. 885, 887, 2005 WL 290143, 2 (10th Cir. 2005), citing *Buerger v. Southwestern Bell Tel. Co.*, 982 F.Supp. 1253, 1255-56 (E.D.Tex.1997) (explaining that no federal civil rights statute is implicated by the tort of medical malpractice). The same is true of plaintiff's claims of defamation, torture, and toxic assault and battery.

The complaint also alleges that defendants aided and abetted the violation of plaintiff's civil rights to residency and "to own property," but the sole related factual support is plaintiff's allegation that he must carry all his worldly possessions with him at all times so that they will not be poisoned if left in his apartment, and that he was homeless for a time. This does not state a colorable claim that defendants deprived him of a property interest protected by the Due Process clauses or otherwise.

Because plaintiff's asserted federal claims are baseless and utterly lacking in

merit, neither §1331 nor §1343 provides a jurisdictional basis for this case. Where, as here, plaintiff's filings lack even the most minimal assertions required to establish jurisdiction in federal court, dismissal is warranted despite plaintiff's pro se status. *See McBride v. Doe*, 71 Fed.Appx. 788, 790, 2003 WL 21750832, 1 (10th Cir. 2003).

Where the federal claims are dismissed before trial, the state claims should be dismissed as well. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Here, since the federal claims are insubstantial in a jurisdictional sense, and the case is only in a preliminary stage, there is no basis for the exercise of pendent jurisdiction over the plaintiff's state law claims against defendants. *See* 28 U.S.C. § 1367(c)(3). Accordingly, the complaint shall be dismissed in its entirety.

**12(b)(6)**

In the alternative, had the court chosen to accept jurisdiction, it would have granted defendants' motions to dismiss pursuant to Rule 12(b)(6) for the same reasons stated in defendants' briefs.

IT IS THEREFORE ORDERED that defendants' motions to dismiss (Dk. 39, 82, 84, 86, 88, and 91) are granted on the basis of lack of subject matter jurisdiction.

Dated this 30th day of September, 2008.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge